Filed 1/21/22  County of Los Angeles Child etc. v. Edward H. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDWARD H.,<br><br>Defendant and Appellant. | B308246<br>(Los Angeles County<br>Super. Ct. No. BZ200079) |

APPEAL from an order of the Superior Court of Los Angeles County, Frank W. Chen, Judge.  Affirmed.

Edward H., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

## MEMORANDUM OPINION[1]

Edward H. (appellant) appeals in propria persona from an order denying his motion to terminate a child support obligation imposed by a judgment entered May 25, 2017. The County of Los Angeles Child Support Services Department declined to file a respondent's brief.

Appellant contends a child support obligor under the Family Code must be a "person" (Fam. Code, § 5216), and he is a "man," not a "person." The plain meaning of "person" includes a human being, which appellant unquestionably is. He therefore may be a support obligor under the Family Code.

Appellant contends California, not he, "is in fact the true father of the minor child," given the state's interest in preserving and promoting the welfare of the child, which he describes as California's " '*parens patriae* interest' " in the child. He points to the fact that it was the County of Los Angeles that filed suit on behalf of the child to obtain support. Appellant cites no authority that a state's interest in promoting the welfare of children supplants a parent's obligation to support his or her own children. Although he refers to his child as a "ward" of the state, the record on appeal contains no evidence supporting this assertion. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 [appellant has burden to demonstrate error]; *In re Tobacco Cases II* (2015) 240 Cal.App.4th 779, 808 (*Tobacco Cases*) [arguments on appeal waived if not supported by argument, citations to the record, and legal authority].)

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

Appellant argues the child support order "obligated [appellant] to pay child support by using the property . . . or obligation of another, in this case Federal Reserve Notes which [are] in fact obligations of the United States . . . ." (Some capitalization omitted.) Appellant contends that requiring him "to pay an alleged obligation by use of an obligation of another is in fact fraud and intentional misrepresentation or concealment of a material fact . . . ." Appellant cites no authority that requiring a person to pay an obligation using United States currency is inherently fraudulent. His cited case concerns fraud, but says nothing about use of United States currency being fraudulent. (See *Croslin v. Enerlex, Inc.* (Okla. 2013) 308 P.3d 1041.)

At oral argument, appellant argued that the child support order applies to the "trust" identified as Edward H., not to him. Appellant does not cite any evidence in the record establishing that he is not Edward H. or not the intended subject of the child support order. His argument therefore provides no basis to reverse the trial court. (*Tobacco Cases*, *supra*, 240 Cal.App.4th at p. 808.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

                                          BENDIX, Acting P. J.

We concur:

CHANEY, J.

CRANDALL, J.*

---

    * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.